[No. 13786.    Department One. — December 28, 1891.]

JOHN J. COFFEY, APPELLANT, v. L. QUINT ET AL.,
RESPONDENTS.

FINDING — OWNERSHIP OF ASSIGNED CLAIM — ASSIGNMENT TO ATTORNEY
— BENEFIT OF ASSIGNOR. — In an action by the assignee of a claim, a
finding that the assignment was for the benefit of the assignor's estate,
and was never the property of the plaintiff, is sustained by evidence
showing that the assignor at the time of the assignment was upon his
death-bed; that the plaintiff had been his attorney and legal adviser;
that the assignment was given upon an accounting of business transac-
tions, without any affirmative proof of consideration; and that the plain-
tiff, after the assignor's death, stated that the assignment was for the
benefit of the latter's estate, and that he had no claim against it and no
interest in it.

ID. — ASSIGNMENT AS SECURITY — CONSISTENCY OF FINDINGS. — A finding
that, after the death of the assignor, the plaintiff assigned the claim to
one of the defendants as security for a debt which does not appear to
have been paid is not inconsistent with a finding that the plaintiff was
not the "owner" of the claim.

CONVERSION — COLLECTION OF ASSIGNED CLAIM — EVIDENCE — DEFENSE TO
ACTION. — In an action to recover the value of a claim assigned to the
plaintiff for the benefit of the assignor's estate, and reassigned by the
plaintiff to the defendants for collection, where the plaintiff alleged that
the defendants had collected the amount due on the assignment and
converted it to their own use, which the defendants denied, and there
is no evidence to show such collection, but the evidence shows that the
claim had been previously assigned by the original assignor to a third
person as security to indemnify him against liability to pay a judgment
against the original assignor, and that such prior assignee had collected
the claim and paid the judgment, and delivered the remainder of the
money to the administrator of the assignor's estate, judgment is properly
rendered in favor of the defendants.

APPEAL from a judgment of the Superior Court of the
city and county of San Francisco, and from an order
denying a new trial.

The action was brought by J. J. Coffey against L.
Quint and J. Diemer, to recover the sum of four thou-
sand dollars, alleged to be the value of a written assign-
ment of the interest of William Corcoran in a claim
previously assigned to James McCloskey as security to
indemnify him against liability upon an undertaking to
pay a judgment in an attachment suit against Corcoran.
The plaintiff alleged that he assigned the claim to any

funds in McCloskey's hands, for the purpose of collection, to defendant J. Diemer, at the request of defendant L. Quint, whom he had employed to collect it. They had jointly collected the money due, and had converted the assignment and the moneys collected to the use of the defendants, and had refused, upon demand, to deliver any part of the money collected or to reassign the claim to plaintiff. Further facts are stated in the opinion of the court.

*John J. Coffey,* for Appellant, *in pro. per.*

*W. H. Payson,* for Respondent Quint.

*R. H. Taylor,* for Respondent Diemer.

HARRISON, J. — The evidence in this case fully sustains the finding of the court, that the assignment to the plaintiff by Corcoran of the claim against McCloskey was for the benefit of Corcoran's estate, and was never the property of the plaintiff. Corcoran, at the time of the assignment, was upon his death-bed, and died five days thereafter. The plaintiff was at that time, and had been for some years, his attorney and legal adviser. The only evidence in support of his ownership of the claim was given by himself: that, "prior to his death, he and I had an accounting of business transactions; he gave me this assignment offered in evidence."

In viewing the relations existing between plaintiff and Corcoran at the time of the assignment, and in the absence of any affirmative proof that Corcoran received any consideration therefor, the statements shown to have been made by the plaintiff subsequent to the death of Corcoran, that " the assignment was for the benefit of the estate of Mr. Corcoran," and " I have no claim against it; I don't own it, and I have no interest in it," and which he did not deny, — justified the court in making the findings above named.

About three years prior to the death of Corcoran, certain of his personal property was attached in a suit by

the Bank of California, and for the purpose of releasing the property McCloskey gave an undertaking to pay the judgment, and Corcoran, for the purpose of indemnifying him, transferred to him a claim which was the subject-matter of the claim assigned to the plaintiff. Upon this claim McCloskey, after Corcoran's death, collected certain moneys, and out of the same paid the judgment recovered by the bank, and the remainder to the administrator of Corcoran's estate.

Several months after Corcoran's death, the plaintiff assigned the claim to the defendant Diemer, and the court finds that at the time of such assignment he was indebted to Diemer in the sum of fifty dollars, and that the assignment was a security for said indebtedness. It does not appear that this indebtedness was ever paid. The plaintiff does not question the sufficiency of the evidence to sustain this finding, but claims that it is inconsistent with the finding that he was not the " owner " of the instrument. We see nothing inconsistent in the two findings. He could easily make an assignment as security for his own debt, of property of which he was not the owner, but which he merely held in trust for another.

The plaintiff, in his complaint, alleged that the defendants had collected the amount due on the assignment, and converted it to their own use. Not only was there no evidence of this, but McCloskey testified that he had paid all of the money to Mrs. Corcoran, and none to Diemer.

As we find no error in the record, the judgment and order denying a new trial are affirmed.

PATERSON, J., and GAROUTTE, J., concurred.

Hearing in Bank denied.